UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/08/2021
```

------------------------------------------------------------------X
:
THE TRAVELERS INDEMNITY COMPANY,                       :
:
Plaintiff,              :
:                         21-cv-2665 (LJL)
:
-v-                         :                         ORDER
:
ALLIED WORLD ASSURANCE COMPANY (US),             :
INC.,                                                  :
:
Defendant.              :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     The parties cross-move for summary judgment. Dkt. Nos. 9, 11.  In response to a recent order of the Court, Plaintiff Travelers Indemnity Company ("Travelers") moves, pursuant to Fed. R. Civ. P. 56(d), for an order permitting discovery and staying a decision on the motion for summary judgment. Dkt. No. 16. Defendant Allied World Assurance Company (US), Inc. ("Allied") opposes that request and asks the Court to decide the motion on the present papers. Dkt. No. 17.

     The Court denies the cross-motions for summary judgment without prejudice to those motions being renewed after limited discovery.  It also necessarily denies the motion at Dkt. No. 16 to the extent it seeks a stay of a decision on the motion for summary judgment, but it grants the motion to the extent that it seeks permission for the parties to undertake discovery. Each of the motions for summary judgment rest upon the interpretation of a construction subcontract between Travelers' insured, Shawmut Woodworking & Supply. Inc. ("Shawmut") and Allied's insured, J.D. Consulting LLC d/b/a Donaldson Traditional Interiors (the "Subcontract") and whether and to what extent the reference in the Subcontract to the Contract Documents incorporated the General Contract signed by Shawmut with the owner of the project.  The cover page to the Subcontract transparently defined the Contract Documents by reference to a "Rider A," but no party submitted Rider A in connection with its summary judgment motion.  The motions were made prior to any discovery being taken in this case.  Accordingly, the Court issued an Order that Travelers submit the complete contract and indicate whether there was a dispute as to authenticity. Dkt. No. 15.  Travelers submitted the complete contract including Rider A, which refers to the General Contract as one of the Contract Documents; Allied apparently raises issues regarding authenticity.  Dkt. No. 16.

     On the present record (without considering Rider A), Allied would not be entitled to summary judgment; the reference to Rider A would plainly raise fact issues regarding the content of Rider A.  At the same time, the Court cannot say that Travelers is entitled to summary judgment.  Allied questions the authenticity of Rider A and it is entitled to discovery at least with

respect to that issue.

Rather than stay a decision on the motions for summary judgment as requested by Travelers, the Court exercises its discretion to DENY the motions without prejudice.  The parties may undertake discovery before recommencing motion practice if appropriate.  The parties shall submit a case management plan for such discovery on the form set forth on the Court's website.  The Court will discuss discovery and motion practice at the status conference previously scheduled for November 18, 2021.  The parties shall submit the case management plan no later than three business days in advance of such conference.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 9, 11, 16.


SO ORDERED.


Dated: November 8, 2021
      New York, New York                           _____
                                              LEWIS J. LIMAN
                                   United States District Judge